THE SOUTHERN FERTILIZING CO.

*v.*

NELSON.

(*Supreme Court of Appeals of Virginia, March, 1882.*)

[Virginia Law Journal, 1882, p. 162.]

**Jurisdiction of Appellate Court—Upon Whom Burden of Showing.**

The *onus* of shewing that the appellate court has jurisdiction of a case is always on the appellant or plaintiff in error.

**Same—Amounts in Controversy—Case at Bar.**

Several creditors were seeking to enforce their executions against property which was adjudged in the circuit court not to belong to the judgment debtor. One of these creditors obtained a writ of error to this judgment, but the record, although shewing that the aggregate amount of the several executions levied on the property and held by different plaintiffs, were more in amount, exclusive of costs, than five hundred dollars, and also that the property levied on and claimed to be liable to the levy, was of a greater value than five hundred dollars, yet it did not shew that the amount of the execution of the plaintiff in error was five hundred dollars, exclusive of costs.

*Held*: The court has no jurisdiction, and the writ of error must be dismissed as having been improvidently awarded.

**Same—Matter in Controversy.**

The property levied on does not constitute the "matter in controversy" so as to give the court jurisdiction of this case.

This was a writ of error to a judgment rendered by the circuit court of Orange county. The facts are sufficiently stated in the opinion of the court.

1 Va Dec—30

*W. F. C. Gregory*, *R. H. Cardwell* and *J. G. Williams*, for the plaintiff in error.

*J. G. & W. W. Field*, for the defendant in error.

ANDERSON, J., delivered the opinion of the court.

This is a proceeding by petition under sec. 2, chap. 149, of Code of 1873. The petition represents that the sheriff of Orange county levied sundry executions upon petitioner, William S. Nelson's property, which issued from the clerk's office of the circuit court of Orange, upon judgments against R. L. Nelson, his father, for which he, petitioner, was in no way liable, and that the plaintiff, the Southern Fertilizing Company, and others, plaintiffs in said executions, having executed indemnifying bonds to the sheriff, he was compelled, in order to prevent the sale of his property, to execute suspending bonds, and he prayed that the plaintiffs in said executions—the plaintiff in error, and the other plaintiffs in said executions, be caused to appear before the court at its next term, and that it then and there may be determined in whom the right and title to the said property is vested, as provided by the said statute.

The defendants appeared, and upon the trial, the jury rendered a verdict in favor of William S. Nelson, plaintiff in the petition, and the court rendered judgment accordingly. To the judgment aforesaid against it, the Southern Fertilizing Company applied for and obtained a writ of error and supersedeas from this court.

In looking into this case, we are met at the threshold with the question, has this court jurisdiction to review and reverse the judgment of the court below? The constitution of Virginia, art. VI, sec. 2, declares that the court of appeals shall have appellate jurisdiction only, except in cases of *habeas corpus*, mandamus and prohibition. It shall not have

jurisdiction in civil cases where the matter in controversy, exclusive of costs, is less in value or amount than five hundred dollars, except in controversies concerning the title or boundaries of land and other enumerated cases.

Five hundred dollars, exclusive of costs, is the minimum amount required to give this court jurisdiction to review and reverse the judgment of a circuit court.    And it is well settled that the *onus* is upon the appellant or plaintiff in error to shew that the case which he presents is one of which the appellate court has jurisdiction.  ·  Harman v. City of Lynchburg, 33 Gratt. 40, citing 10 Peters R.  160.

In this case the plaintiff in error has failed to shew that the case which he presents is one of which the appellate court has jurisdiction.    The amount of his judgment (which is the amount that he has in this controversy), which he was defeated in executing, and having satisfied, by the judgment of the court below of which he complains, nowhere appears upon the face of this record.    There is nothing in the record to shew what is the amount.    There is nothing to shew that it amounts to five hundred dollars, exclusive of costs.    There is nothing to shew that this court has jurisdiction to review and reverse the judgment of the circuit court.    Sundry executions were handed to the court at the bar, but they were not incorporated in the bill of exceptions, and are not a part of this record, and cannot be looked to.

But it is contended for the plaintiff here, that the value of the property on which the executions were levied, is the subject-matter of the controversy in this suit, and greatly exceeds in value five hundred dollars.    Doubtless, the value of the entire property upon which all the executions were levied does exceed in value five hundred dollars.    As was said by Mr. Justice Nelson, in Searn v. Bigelow, 5 Wall. U. S. R. 208, "It is true that the litigation involves a common fund which exceeds the sum of two thousand dollars, but

neither of the judgment creditors has any interest in it which exceeds the sum of two thousand dollars.    *    *    *    *    *
The case of creditors asserting different and distinct claims in the same suit (that is our case), is analogous, to proceedings in admiralty in behalf of seamen for wages and salvers for salvage, where the practice of the court is well settled." In our case the plaintiff's debts were separate and distinct and held under separate and several judgments.    Neither party had any interest in the judgments of the other parties, but each judgment belonged exclusively to the party holding it, and their several claims could not be united to give this court jurisdiction.    It was so held by this court in Umbarger & wife & als. v. Watts & als., 25 Gratt. 167.    In which case, Judge Christian, in a well-considered opinion, reviews the authorities.    This decision was reaffirmed by this court in Pope v. Hale & als., not reported, Judge Burks delivering the opinion.

It not being competent for the plaintiff in error, who was defendant below and plaintiff in one of the executions levied upon the property claimed by William S. Nelson, and which is adjudged by the court below to be his property, and discharged from the levy, or of all the defendants below if they had united in the appeal, to have established the jurisdiction of this court by computing their several claims together, it follows, necessarily, that the value of the entire property cannot be looked to as giving the appellate court jurisdiction.

But the court is of opinion that the property in this case does not constitute the matter which the defendants below had in the controversy.    Their proceeding was not to assert a title to the property in themselves.    It was to recover satisfaction of their several judgments by subjecting the property in question, which they claimed to be the property of their debtor, to the satisfaction of their several judgments. It was a means to an end.    The end was the satisfaction of

their several judgments. And the amount of each one's judgment was the amount which he had in the controversy and that does not appear. These views are fully and more elaborately sustained by the opinion of Judge Christian referred to *supra*.

The court being of opinion, therefore, that the plaintiff in error has not shown that the matter in controversy is of an amount sufficient to give this court jurisdiction to review and reverse the judgment of the circuit court of Orange, the writ of error and supersedeas must be dismissed as improvidently awarded.

Writ of error dismissed.